UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEAUNTEE POE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:13-cv-01444-JCH |
| IAN WALLACE,[1] | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Deauntee Poe's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Petition, ECF No. 1.) Respondent has filed a Response (ECF No. 5), and the Petition is ready for disposition.

On December 18, 2009, a jury in the Circuit Court of St. Louis City found Petitioner guilty of one count of first degree robbery and one count of armed criminal action. The circuit court determined that Petitioner was a prior and persistent offender and sentenced him to eighteen years on each count, with the sentences to run concurrently. The Missouri Court of Appeals upheld Petitioner's conviction on direct appeal. Petitioner thereafter filed a pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Petitioner was appointed counsel, and he subsequently filed an amended Rule 29.15 motion, which was denied. The Missouri Court of Appeals affirmed the denial of post-conviction relief. (Petition at 1-4; Resp. Exs. 1, 5, 6, 9.)

---

[1] At the time Petitioner filed the instant Petition, he was incarcerated at the Southeast Correctional Center in Charleston, Missouri. In January 2016, Petitioner was transferred to the South Central Correctional Center in Licking, Missouri (SCCC). (ECF No. 19.) Michael Bowersox is the Warden at SCCC. Therefore, Michael Bowersox should be substituted for Ian Wallace as the proper party respondent in this action. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

1

In his Petition, Petitioner raises the following five grounds for relief:

(1) that the trial court erred in denying Petitioner's motion to suppress the victim's identification of Petitioner and in admitting evidence of the identification at trial, because the identification was the product of a suggestive procedure;

(2) that the trial court erred in denying Petitioner's motion for a mistrial after the prosecutor told the jury that the defense had submitted an alibi instruction;

(3) that trial counsel was ineffective in failing to object to the court's shackling of Petitioner while he was in front of the jury;

(4) that the trial court erred in overruling Petitioner's motion for a mistrial after Sherriff's deputies removed members of Petitioner's family from the courtroom following an altercation in front of the jury; and

(5) that the trial court erred in overruling Petitioner's motion for acquittal at the close of the state's evidence, because the state had failed to produce any credible evidence.

(Petition at 5-14.) Petitioner presented only Grounds 1 through 3 to the state courts. *Id.*

## DISCUSSION

**I. Procedural Default**

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (quotation and citations omitted). "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." *Id.* at 1087 (quotations and citations omitted).

To avoid defaulting on a claim, a petitioner must have "fairly presented the substance of the claim to the state courts…thereby affording such courts fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim." *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotations and citations omitted). "A claim has been fairly presented when a

petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Id.* at 1021 (quotations and citations omitted). A section 2254 applicant's failure to raise a claim in state court results in procedural default. *See Wooten v. Norris*, 578 F.3d 767, 777 (8th Cir. 2009).

"When a habeas petitioner defaults his federal claims in state court…federal habeas review of his claims is barred unless he 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991)), *cert. denied*, 134 S. Ct. 1882 (2014). "Cause must be something external to the petitioner, something that cannot fairly be attributed to him." *Arnold*, 675 F.3d at 1087 (quotation and citations omitted); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986) (considering circumstances under which attorney error constitutes cause). To establish actual prejudice, the petitioner "must show that the errors of which he complains 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (emphasis in original) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Upon review of the record, the Court finds that Petitioner failed to exhaust the claims in Grounds 4 and 5 of his Petition. He did not raise these claims in the state courts on direct appeal or in his amended Rule 29.15 motion. The Court further finds that Petitioner has not shown cause for his failure to do so. Although Petitioner asserts that his post-conviction counsel was ineffective and "abandoned" him during the proceedings, Petitioner's assertions are cast in conclusory terms and are refuted by the record, which demonstrates that post-conviction counsel

filed an amended Rule 29.15 motion and, following the motion court's denial of relief, appealed to Missouri Court of Appeals. In any event, the ineffective assistance of post-conviction counsel cannot, under these circumstances, constitute cause. *See Coleman*, 501 U.S. at 752-54 (attorney's negligence in post-conviction proceeding does not establish cause); *cf. Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (carving out limited and narrow exception to general rule set forth in *Coleman*; inadequate assistance of counsel at initial-review collateral proceedings may establish cause for petitioner's procedural default of claim of ineffective assistance at trial); *Maples v. Thomas*, 132 S. Ct. 912, 924-28 (2012) (excusing default where, under extraordinary circumstances beyond petitioner's control, post-conviction counsel abandoned petitioner without notice in capital case).

Furthermore, because Petitioner has not claimed or come forth with new evidence showing his actual innocence, he cannot demonstrate that the Court's failure to consider these claims would result in a fundamental miscarriage of justice. *See Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005). Therefore, this Court cannot reach the merits of the claims in Grounds 4 and 5.

## II. Grounds for Relief

"In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under the AEDPA, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted). If the state court's decision is not "contrary to" clearly established law, the remaining question is whether the state court's determination was "unreasonable." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012). This standard is "difficult to meet, and even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (quotation and citation omitted). "[A] state court's decision involves an unreasonable application of Supreme Court precedent when the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case, or either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Moore v. Purkett*, 275 F.3d 685, 688 (8th Cir. 2001) (quotations and citation omitted). "Federal habeas relief is warranted only when the refusal was objectively unreasonable, not when it was merely erroneous or incorrect." *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (quotation and citations omitted).

A state court's decision involves "an unreasonable determination of the facts in light of the evidence presented in the state court proceedings…only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (quotation and citations omitted). "[A] determination of a factual

issue made by a State court shall be presumed to be correct," unless the petitioner rebuts the determination with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The deference owed to a state court's findings of fact "includes deference to its credibility determinations," *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to its "findings of fact made in the course of deciding a claim of ineffective assistance of counsel," *Odem v. Hopkins*, 382 F.3d 846, 849 (8th Cir. 2004). Moreover, the presumption of correctness of findings of fact applies to the factual determinations made by a state court at either the trial or appellate levels. *See Smulls*, 535 F.3d at 864-65.

   **A. Ground 1**

In Ground 1 of his Petition, Petitioner claims that the trial court erred in denying his motion to suppress the victim's identification of Petitioner and in admitting evidence of the identification at trial, because the identification was the product of a suggestive procedure. Specifically, Petitioner asserts that "the identification of [Petitioner] was rendered unreliable as it was the product of a suggestive procedure in wh[ich] the police repeatedly presented [the] victim with photos and live lineups containing [Petitioner]." (Petition at 5.)

Petitioner's trial counsel filed a motion to suppress the identification. The trial court conducted an evidentiary hearing, during which a detective and the victim testified as to the circumstances in which the photo array and line-ups were shown to the victim. Both testified that the victim had identified Petitioner in a photo array the day after the robbery, that during a subsequent live line-up the victim was unable to clearly see the participants because his eye sight became temporarily blurry due to a new medication he had taken earlier that day, and that a week later he identified Petitioner in a photograph of the live line-up. Defense counsel cross-examined the detective and the victim. After hearing this testimony and considering the evidence, the trial

6

court denied Petitioner's motion to suppress the identification, finding that the "police procedures were fair and not impermissibly suggestive and that, in any event, the victim had sufficient recollection independent of police procedures to provide a reliable identification." (Resp. Exs. 1 at 22, 30; 2 at 10-96.)

Petitioner raised this claim on direct appeal. The Missouri Court of Appeals considered this issue on the merits and reached the following conclusion:

> Defendant's point on appeal challenges the 'repeated viewings.' His only argument relating to repeated viewings is that the victim's final identification of defendant in the photo of the live lineup was tainted and unreliable because, prior to that identification, the victim saw defendant in the photo array and in the live lineup and because of the 'police insistence that the photo array and the line-up contained a suspect.' In this case, the victim's vision was impaired by medication at the time of the live lineup, and he was not able to clearly see the participants in the lineup. He described his vision as 'fuzzy.' Because of his impaired vision, he did not make a selection from the live lineup. A week later, when his vision was clear, the victim identified defendant in the photo of the live lineup.
>
> Defendant's argument does not demonstrate why the 'repeated viewings' were error, and defendant does not cite legal authority in support of this argument. Moreover, an initial photographic identification that is followed by a lineup identification is not *per se* unduly suggestive. *State v. Chambers*, 234 S.W.3d 501, 514 (Mo.App. 2007). Point one is denied.

(Resp. Ex. 5 at 3.)

The Supreme Court has recognized that there is "a due process check on the admission of eyewitness identification, applicable when the police have arranged suggestive circumstances leading the witness to identify a particular person as the perpetrator of a crime." *Perry v. New Hampshire*, 132 S. Ct. 716, 720 (2012). However, even if there is "[a]n identification infected by improper police influence," it "is not automatically excluded." *Id.* If "the indicia of reliability are strong enough to outweigh the corrupting effect of the police-arranged suggestive circumstances, the identification evidence ordinarily will be admitted, and the jury will ultimately determine its worth." *Id.* A "totality of the circumstances approach" is used to assess

7

the reliability of an identification, and the factors to be considered include "the opportunity of the witness to view the criminal at the time of the crime…[and] the level of certainty demonstrated at the confrontation." *Id.* at 725 & n.5 (quotation and citation omitted).

The record here supports the trial court's determination that the victim identified the Petitioner based upon his recollection of his observations of Petitioner prior to and during the robbery, and not as a result of any suggestive procedures or photos. At the motion-to-suppress hearing, the detective testified that he had created a photo spread of six pictures from a computer program, and that he had tried to select males with a similar hairstyle, and of similar race, complexion, age, height, and weight. The victim testified that he had spoken to Petitioner prior to the robbery and had seen Petitioner's face, that he had observed Petitioner pointing a gun at his head during the robbery, and that he was subsequently able to identify Petitioner in a photo array because he "know[s] [Petitioner's] face." The victim also testified that the officer who showed him the photographs cautioned him that he "[i]f [he] was gonna circle [someone in the photo], it had to be a hundred percent," and that, in his mind, he was "one hundred percent." (Resp. Ex. 2 at 16-17, 29-30, 58-68, 70, 76.)

The Court concludes that the state court's findings were not contrary to clearly established federal law, nor based upon unreasonable determinations of fact, and that they are consistent with federal constitutional standards. Therefore, Petitioner's claim for relief in Ground 1 will be denied.

**B. Ground 2**

In Ground 2 of his Petition, Petitioner claims that the trial court erred in denying his motion for a mistrial after the prosecutor told the jury that the defense had submitted an alibi instruction.

During closing argument, the prosecutor stated: "Look at the testimony of the defendant. You know, they submitted an alibi instruction, and I find it really—." (Resp. Ex. 2 at 586.) Defense counsel then asked to approach the bench and requested a mistrial, arguing that it was "completely improper and prejudicial to comment on who submitted what instruction." *Id.* The trial court denied the motion for a mistrial, and instructed the jury: "The jury will be reminded that the instructions that are given come from the Court and not directly from any of the lawyers or the parties in this case. They are the Court's instructions." *Id.* at 587.

Petitioner raised this claim on the direct appeal, arguing that the prosecutor's statement misled the jury into thinking that the alibi instruction was of lesser weight than the other instructions provided by the court. (Resp. Ex. 3 at 24.) The Missouri Court of Appeals considered the issue on the merits and reached the following conclusion:

> Here, as in [*State v. Davis*, 122 S.W.3d 690, 693 (Mo. App. Ct. 2003)], the trial court did not abuse its discretion in denying defendant's motion for a mistrial because immediately after the prosecutor's comment, the trial court instructed the jury that the instructions come from the court and not the parties; the trial court had previously submitted MAI-CR 3d 302.03 [which instructed the jury that it was not permitted to single out certain instructions or disregard others]; and defendant failed to show that the improper comment had a decisive effect on the jury's verdict in light of the overwhelming evidence of his guilt.
> …
> Moreover, defendant has failed to show prejudice from the improper comment. There was overwhelming evidence of guilt. The victim, who had been face to face with defendant at the time of the robbery, identified him. Additionally, at the time of his arrest, defendant possessed items purchased with the victim's stolen credit card, as well as a large sum of cash in large denominations consistent with that stolen from the victim. Defendant was identified in mall surveillance videos placing items stolen from the victim in a trash can and shopping with his two accomplices while they attempted to use the victim's credit card. The overwhelming evidence of defendant's guilt makes it unlikely that the prosecutor's improper comment had a decisive effect on the jury's verdict.

(Resp. Ex. 5 at 5-6.)

9

Under federal law, a prosecutor's improper comments will be held to violate the Constitution only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2153-54 (2012) (per curiam) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). Under this standard, trial courts are given "'more leeway…in reaching outcomes in case-by-case determinations.'" *Id.* at 2155 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Federal habeas relief should only be granted if the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial," and the petitioner has demonstrated "a reasonable probability that the outcome [of the trial] would have been different but for the improper statements." *Kennedy v. Kemna*, 666 F.3d 472, 481 (8th Cir. 2012) (quotations and citations omitted).

Upon review of the record, the Court concludes that the state court's findings that the prosecutor's comment did not have a decisive effect on the jury and was not prejudicial were not contrary to clearly established federal law, nor based upon unreasonable determinations of fact, and that they are consistent with federal constitutional standards. Therefore, Petitioner's claim for relief in Ground 2 will be denied.

**C. Ground 3**

In Ground 3 of his Petition, Petitioner claims that trial counsel was ineffective in failing to object to the court's shackling of Petitioner while he was in front of the jury, in violation of his Sixth Amendment rights. Petitioner raised this claim in his amended Rule 29.15 motion. (Resp. Ex. 6 at 5-10.) The motion court, which was also the trial court, concluded that Petitioner was represented by "an experienced criminal defense attorney"; that "there [was] no mention of shackling in the record"; and that "[shackling] was not ordered by the Court, it was never raised as a concern during the trial at a time when any shackling could have been corrected if it in fact

occurred, and it was not raised post-trial or on appeal." *Id.* at 13-15. The motion court also noted that it "did not observe any handcuffing or other shackling of movant at any time during his trial in the presence of the jury," and that during a September 2011 telephone conference, Petitioner's post-conviction counsel "represented that he had spoken with [Petitioner's trial counsel] whose recollection did not support the allegation." *Id.* at 2 n.1-2.

Petitioner advanced this claim on appeal, and the Missouri Court of Appeals affirmed the motion court's findings as follows:

> The law has long forbidden routine use of visible shackles during the guilt phase of a criminal trial absent some essential state interest. *Deck v. Missouri*, 544 U.S. 622, 626 (2005). Visible shackling undermines the presumption of innocence and the related fairness of the factfinding process in that it suggests to a jury that the justice system itself sees a need to separate a defendant from the community at large. *Id.* at 630.
>
> It is true, as Movant suggests, the mere absence of any reference to shackling on the record, does not refute a movant's allegation he was shackled at trial. *Dickerson v. State*, 269 S.W.3d 889, 892 (Mo. banc 2008). The Missouri Supreme Court went on to point out, however, a movant's allegation that he was shackled at trial can be refuted when a convicted defendant raises after-the-fact allegations of shackling and it is apparent the question was not raised previously because shackling was not contemplated and did not occur. *Id.*
>
> Here, Movant raises an after-the-fact allegation of shackling. There is no record of a request or order for shackling, no mention of shackling in the record of Movant's trial, his motion for new trial, or his direct appeal. Additionally, in his written opinion, denying Movant's motion, the motion court judge, who was also the trial judge, relied on his own recollection that Movant was not visibly handcuffed or shackled at any time during his trial. A trial court's ability to recall events of a trial can serve as a basis to deny a motion for post-conviction relief. *See Zink v. State*, 278 S.W.3d 170, 185 (Mo. banc 2009.)

(Resp. Ex. 9 at 3-4.)

Upon review of the record, the Court finds that the state court's findings with respect to this claim were not based upon unreasonable determinations of fact. Even if the record had demonstrated that Petitioner was shackled during trial, and even assuming the jurors were aware

11

of the shackles, Petitioner would be unable to demonstrate prejudice due to the overwhelming evidence of his guilt. *See Strickland v. Washington*, 466 U.S. 668, 694, 697 (1984) (to establish claim of ineffective assistance of counsel, movant must demonstrate that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; the question of counsel's allegedly deficient performance need not be reached if petitioner failed to show prejudice); *cf. Steen v. Schmalenberger*, 687 F.3d 1060, 1063-64 (8th Cir. 2012) (state court's determination that prisoner did not establish prejudice from counsel's alleged ineffective assistance in failing to object to his appearance at trial in prison attire was not unreasonable application of *Strickland*; in determining existence of prejudice under *Strickland*, court must consider totality of evidence before jury). As discussed above in Grounds 1 and 2, there was sufficient evidence introduced at trial, including the victim's identification of Petitioner, to support the jury's verdict. Therefore, Petitioner's claim in Ground 3 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall substitute Michael Bowersox as Respondent in this matter.

**IT IS FURTHER ORDERED** that Deauntee Poe's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and that his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this ___8th___ Day of March, 2016.

/s/____Jean C. Hamilton_____
UNITED STATES DISTRICT JUDGE